xIN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>TYRONE LEROY OUTLEY, )<br>)<br>    Defendant. ) | Case Nos. CR-17-254-F<br>CIV-23-702-F |

## ORDER

Defendant, Tyrone Leroy Outley, a federal inmate proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. Doc. no. 168.[1]  Plaintiff, United States of America, has responded to the motion. Doc. no. 172.  Defendant has replied.  Doc. no. 176.  The matter is at issue.

I.

*Procedural History*

On November 8, 2017, defendant was charged by indictment with drug and firearm offenses.

Count 1 of the indictment charged that, on or about March 15, 2017, in the Western District of Oklahoma, defendant knowingly and intentionally possessed with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1), the penalty for which is found at 21 U.S.C. § 841(b)(1)(B).

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

Count 2 charged that, on or about March 15, 2017, in the Western District of Oklahoma, defendant knowingly possessed a firearm, to wit: a RG model RG 14, .22 LR caliber revolver, bearing serial number L683306, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession of cocaine base with intent to distribute, as charged in Count 1, all in violation of 18 U.S.C. § 924(c)(1)(A), the penalty for which is found at 18 U.S.C. § 924(c)(1)(A)(i).

Count 3 charged that, on or about March 15, 2017, in the Western District of Oklahoma, defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a RG model RG 14, .22 LR caliber revolver, bearing serial number L683306, which was in and affecting interstate commerce in that the firearm had previously crossed state lines to reach the state of Oklahoma, all in violation of 18 U.S.C. § 922(g)(1), the penalty for which is found at 18 U.S.C. § 924(a)(2).

Upon finding that defendant was financially unable to obtain counsel, the court appointed Edward Blau to represent defendant. Subsequently, on June 11, 2018, Mr. Blau orally moved to withdraw as defendant's counsel. The court granted the motion and appointed Joseph Wells as counsel for defendant.

On September 11, 2018, the government filed an information pursuant to 21 U.S.C. § 851 notifying defendant of an enhanced penalty for a conviction on Count 1 based upon defendant's prior state drug convictions. The enhanced penalty included a term of imprisonment of not less than 10 years and up to life.

Before trial, the government offered defendant a plea agreement, which would have involved defendant pleading guilty to Counts 1 and 2, the government dismissing Count 3, and the government moving to strike its notice pursuant to § 851 with regard to Count 1. The defendant rejected the offer.

On October 9, 2018, the first day of trial, defendant requested new counsel. The court denied the request. On the second day of trial, defendant requested to represent himself. After conducting a hearing pursuant to Faretta v. California, 422 U.S. 806, 807 (1975), the court found that defendant could represent himself but appointed Mr. Wells as stand-by counsel. One day later, a jury convicted defendant on all three counts of the indictment.

After trial, defendant's case was reassigned to the undersigned. Defendant filed several post-trial motions, which the court denied.

On March 21, 2019, the court commenced a sentencing hearing with defendant and Mr. Wells present. Mr. Wells represented that defendant declined to review the presentence investigation report with him. Upon inquiry, defendant advised that he would accept representation by counsel other than Mr. Wells. Thereafter, the court appointed Lance Phillips as counsel for defendant for sentencing purposes.

Prior to defendant's sentencing, the Supreme Court decided Rehaif v. United States, holding that, in a conviction under 18 U.S.C. § 922(g), the "Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. 2191, 2200 (2019). In light of the Rehaif decision, the government moved to dismiss Count 3 because the jury was not properly instructed under Rehaif. The court granted the motion. With the dismissal of Count 3, the court ordered the United States Probation Office to prepare an amended presentence investigation report.

After the parties' receipt of a revised final presentence investigation report, the court set the case for sentencing. On January 6, 2020, the court sentenced defendant to a term of imprisonment of 360 months, consisting of 300 months as to Count 1 and 60 months as to Count 2, to run consecutively. Judgment was entered the next day, January 7, 2020.

Defendant appealed his conviction challenging (1) whether his waiver of his constitutional right to counsel was made knowingly and intelligently, and (2) whether the court abused its discretion by prohibiting him from introducing certain evidence at trial. The Tenth Circuit affirmed defendant's conviction. It concluded that defendant's waiver was made knowingly and intelligently and that the court did not abuse its discretion with respect to its evidentiary ruling.

Defendant timely filed the instant § 2255 motion. He alleges Mr. Wells rendered constitutionally ineffective assistance of counsel.

II.

*Discussion*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court laid out the framework for an ineffective assistance of counsel claim. Under it, defendant must show (1) counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness," *id*. at 687-88, and (2) the deficient performance prejudiced the defendant's defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. If the defendant fails to make a sufficient showing at either step of the analysis, the court must deny the alleged ineffective assistance of counsel claim. *Id*. at 697.

Defendant claims that defense counsel was constitutionally ineffective in two ways: (1) failing to object during pretrial proceedings as to Count 3—felon in possession of a firearm—because it did not charge the knowledge-of-status requirement; and (2) failing to advise defendant—before he stipulated to the fact of his prior state drug convictions—that his convictions were not felonies under federal law because he had not been charged by the state as a recidivist offender and

sentenced to a maximum term of imprisonment of 10 years or more for those convictions.

As to his first claim, the court finds that defendant has failed to establish that defense counsel performed deficiently. The Supreme Court did not render its Rehaif decision until June 21, 2019. At the time of defendant's indictment and at the time of defendant's trial, Tenth Circuit precedent did not require the government to prove defendant's knowledge of the fact that he belonged to a relevant category of persons barred from possessing a firearm. *See*, United States v. Games-Perez, 667 F.3d 1136, 1139-40 (10th Cir. 2012) ("[T]he only knowledge required for a § 922(g) conviction is knowledge that the instrument possessed is a firearm.") (quotation marks and citations omitted). Defense counsel's failure to anticipate a change in the law by the Supreme Court in Rehaif does constitute deficient performance. *See*, Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) ("Consequently, we have rejected ineffective assistance claims where a defendant faults his former counsel not for failing to find existing law, but for failing to predict future law and have warned that clairvoyance is not a required attribute of effective representation.") (quotation marks and citations omitted); *see also*, United States v. Castillo-Olivas, 167 Fed. Appx. 71 (10th Cir. 2006) (failure of counsel to anticipate and inform defendant of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), decided three months after defendant was sentenced, and the subsequent decision in United States v. Booker, 543 U.S. 220 (2005), does not constitute ineffective assistance of counsel) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).

Even if defendant could establish deficient performance by defense counsel, the court concludes that defendant cannot establish prejudice. Count 3 was dismissed prior to defendant's sentencing. And while defendant contends that if Count 3 had been dismissed during pretrial proceedings, he would have negotiated

a plea deal with the government, resulting in a guilty plea to Count 1 and an agreed recommendation of a sentence of five years of imprisonment, defendant's contention is built "on a foundation of speculation and conjecture." United States v. Dominguez, 998 F.3d 1094, 1118 (10th Cir. 2021).  The record does not support the assertion that the government would have offered defendant a better plea deal than what was offered to him during pretrial proceedings—pleading guilty to both Count 1 and Count 2.[2]  In addition, the court concludes that defendant's allegation that he would have agreed to plead guilty to Count 1, rather than insist on proceeding to trial, rings hollow.  At trial, he specifically told the court that he "won't be cooperating or taking any plea deals from [government's counsel] Mr. David McCrary."  Doc. no. 125, ECF p. 15, ll. 13-14.  Further, at sentencing, defendant maintained his innocence as to Count 1.  Doc. no. 151, ECF p. 12, ll. 3-4.

With respect to his second claim, the court also concludes that defendant has failed to demonstrate deficient performance.  Although this is not completely clear, it appears defendant contends that his prior state drug convictions were not felonies, and, thus, he should not have stipulated to those convictions at trial.  But at trial, defendant and the government stipulated to the fact of defendant's prior state drug convictions as to two issues—whether defendant was a felon as March 15, 2017 (for purposes of the charged crime under § 922(g)(1)) and defendant's intent, plan, knowledge, or absence of mistake or accident.  Doc. no. 125, ECF p. 32, ll. 18-25.

---

[2] In his papers, defendant asserts that the government would have agreed to dismiss Count 2 and Count 3 on the ground of multiplicity.  The court rejects defendant's assertion.  "Multiplicity is not fatal to an indictment.  Indeed, the government may submit multiplicitous charges to the jury." United States v. Frierson, 698 F.3d 1267, 1269 (10th Cir. 2012).  Only "multiplicitous sentences violate the Double Jeopardy Clause, so if a defendant is convicted of both charges, the district court must vacate one of the convictions." Id.  However, the Tenth Circuit has specifically ruled that separate convictions for offenses of unlawful possession of a firearm by a convicted felon and use of a firearm during and in relation to drug trafficking crime do not violate double jeopardy. United States v. Johnson, 977 F.2d 1360, 1375 (10th Cir. 1992).

That stipulation was entirely appropriate. Section 922(g)(1) prohibits possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Despite defendant's arguments, his prior state drug convictions qualified as crimes punishable by imprisonment for a term exceeding one year. Further, by stipulating to the fact of the prior convictions, defendant prevented the nature of those offenses from being introduced into evidence and the possibility of a jury verdict tainted by improper considerations. *See*, Old Chief v. United States, 519 U.S. 172, 174 (1997). Defense counsel did not perform deficiently in advising defendant to stipulate to the fact of the prior state drug convictions.

In sum and for the reasons stated, the court concludes that defendant's two ineffective assistance of counsel claims fail on their merits.

### III.

### *Evidentiary Hearing*

The court file and record conclusively show that defendant is not entitled to relief under 28 U.S.C. § 2255. A hearing is therefore not warranted. *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing in a § 2255 matter).

### IV.

### *Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Upon review, the court finds that defendant cannot satisfy this standard.  The court thus denies a certificate of appealability.

V.

*Conclusion*

Accordingly, defendant, Tyrone Leroy Outley's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 168), is **DENIED**.  A certificate of appealability is also **DENIED**.  Judgment shall be entered forthwith.

IT IS SO ORDERED this 20th day of November, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0254p025.rev.docx